RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
ryan@ryanalexander.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MONISHA WILSON, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, a Political Subdivision of the STATE OF NEVADA; DOES I-X, unknown persons; and ROE Corporations I-X;<br><br>Defendants. | Case No.: 2:26-cv-938<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**<u>CAUSES OF ACTION:</u>**<br>**1) Discrimination and Retaliation under 42 U.S.C. §2000e**<br>**2) Discrimination and Retaliation under NRS 613.330**<br>**3) Negligent Infliction of Emotional Distress**<br>**4) Intentional Infliction of Emotional Distress**<br>**5) Negligent Hiring, Retention or Supervision** |

COMES NOW, Plaintiff MONISHA WILSON ("WILSON" or "Plaintiff"), by and through her attorney of record, Ryan Alexander, Esq. of Ryan Alexander, Chtd., for her complaint against the NEVADA DEPARTMENT OF CORRECTIONS ("NDOC"), a political subdivision of the State of Nevada, DOES I - X, inclusive, and ROE CORPORATIONS I - X, inclusive (collectively, "Defendants"), and hereby complains, alleges and states as follows:

**PARTIES**

1. Plaintiff MONISHA WILSON is a resident of Clark County, Nevada and was at all relevant times an employee of NDOC.

2. Defendant NEVADA DEPARTMENT OF CORRECTIONS, is a Political Subdivision of the STATE OF NEVADA.

3. The true names and capacities, whether individual, corporate, associate or otherwise of other



RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

Defendant hereinafter designated as DOES I through X, inclusive, and/or ROE CORPORATIONS I through X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiffs, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

4. Upon information and belief, the Defendants are affiliated corporations with the same owners, managers or officers between them.

5. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

6. The Defendants are jointly and severally liable for each Defendant's actions.

## VENUE AND JURISDICTION

7. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrong done to them. Such action constituted discrimination on the basis of national origin and race discrimination and retaliation.

8. Plaintiff timely submitted charges of discrimination on the basis of race and color discrimination and retaliation to the United States Equal Rights Opportunity Commission (EEOC). The EEOC assumed jurisdiction over Plaintiff's jurisdiction over Plaintiff's charges pursuant to Title 42 United States Code § 2000 (e).

9. Plaintiff was issued a "notice of right to sue within 90 days" from the EEOC on or about December 29, 2025.

10. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000 (e).

11. This Court has supplemental jurisdiction over the remaining Claims for Relief.

12. Venue for all causes of action stated herein lies in the District of the State of Nevada pursuant to 28 U.S.C. § 1391 as the acts alleged as a basis for federal claims took place within the boundaries of that district.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

## GENERAL ALLEGATIONS

13. Defendant NDOC operates the Florence McClure Women's Correctional Center ("FMWCC") located at 4370 Smiley Rd, Las Vegas, Nevada 89115.

14. At all relevant times, Plaintiff WILSON was hired on or about December 2024 as a Charge Nurse III until her constructive discharge on or about October 2025.

15. At all relevant times there were approximately twenty-two (22) nurses employed at NDOC, and Plaintiff WILSON was one of three African-American nurses.

16. The Director of Nursing, Timothy Calumpong ("TJ") is believed to be an employee of NDOC and Plaintiff WILSON's direct supervisor at NDOC.

17. Upon information and belief, TJ discriminated against Plaintiff WILSON on the basis of her race, thereby creating a hostile work environment for Plaintiff.

18. Throughout Plaintiff WILSON's employment and NDOC, Plaintiff WILSON heard TJ openly state that he wanted to hire a person named Chris who was Filipino instead of Plaintiff WILSON.

19. Throughout Plaintiff WILSON's employment and NDOC, Plaintiff WILSON was bypassed for preferred work shifts and promotions.

20. Further, Plaintiff WILSON witnessed TJ give preferential treatment to employees that were Filipino and had less employment seniority than her.

21. Plaintiff WILSON was responsible for participating in interviews and the general hiring decisions for future candidates as part of Plaintiff WILSON's job duties.

22. However, TJ deliberately excluded Plaintiff WILSON from those job duties and hired a staff nurse that directly reported to Plaintiff WILSON and further undermined her role in front of staff.

23. TJ undermined Plaintiff WILSON's role in front of staff specifically by:

- Allowing staff to bypass Plaintiff WILSON's leadership entirely;
- Questioned Plaintiff WILSON's credibility in front of other nurses;
- Belittling or ridiculing Plaintiff WILSON's explanations to staff;
- Minimizing Plaintiff WILSON's authority; and
- Dismissing Plaintiff WILSON's emails.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

24. Upon information and belief, TJ created a fraudulent performance review of Plaintiff WILSON that included:

- Claimed she "did homework at work" despite Plaintiff WILSON not being enrolled in school;
- Solicited negative feedback from nurses who openly disliked Plaintiff WILSON;
- Incorporating these nurses' false statements as factual without ever discussing them with Plaintiff WILSON;
- Ignored written administrative job duties TJ personally assigned Plaintiff WILSON; and
- Criticized Plaintiff WILSON for not performing clinical tasks that were outside her job duties.

25. This performance review damaged Plaintiff WILSON, creating and/or contributing to a hostile work environment for Plaintiff WILSON, and inflicted emotional distress on Plaintiff WILSON.

26. At the beginning of her employment at NDOC, Plaintiff WILSON was given permission to leave FMWCC on her lunch break.

27. At some point during her employment at NDOC, Plaintiff WILSON's permission to leave the premises was rescinded, and was specifically told that she must remain on site for emergencies and that her lunch hour was paid.

28. However, this directly contradicted the treatment of other staff who were permitted to leave FMWCC for their lunch hour.

29. Additionally, Plaintiff WILSON stopped eating in the breakroom because staff primarily spoke Tagalog, frequently excluded her from conversations and made her feel uncomfortable.

30. At some point during her employment at NDOC, Plaintiff WILSON interacted with a co-worker named Tracey about supplies.

31. This interaction deteriorated to the point where Tracey threatened to file a grievance with TJ against Plaintiff WILSON for harassment.

32. TJ repeated Tracey's confidential and false accusations against Plaintiff WILSON to other employees, creating and/or contributing to a hostile work environment for Plaintiff WILSON, and inflicted emotional distress on Plaintiff WILSON.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

33. TJ took no corrective action and permitted a hostile and unsafe work environment to escalate.

34. Plaintiff WILSON experienced significant stress, fear of retaliation and emotional distress.

35. Because of this hostile work environment, Plaintiff WILSON no longer felt safe at work and resigned by submitting three weeks' notice to TJ.

36. Upon receipt of Plaintiff WILSON's resignation, TJ coerced and pressured Plaintiff WILSON to sign an outdated 2016 resignation form that contained language stating:

- That she did not provide proper notice;
- That her resignation was "not in good standing;" and
- That she may be ineligible for future employment with the State of Nevada.

37. TJ lied to Plaintiff WILSON about the meaning of the section, telling her that it was "just routine," when in fact signing it would have severely damaged her ability to work for the State of Nevada again.

38. Plaintiff WILSON later found the updated August 2025 form, completed and submitted it to the Human Resources department.

39. Furthermore, TJ spoke aggressively and inappropriately to Plaintiff WILSON about her resignation, and pressured her to change the resignation date to a date of his choice that would have complied with the 2016 form he coerced her to sign.

40. NDOC and its principals and managers intentionally created or had knowledge of the intolerable conditions and failed to remedy the situation.

41. TJ's behavior towards Plaintiff WILSON, coupled with the intolerable conditions Plaintiff WILSON was already experiencing, effectively changed her voluntary termination into a constructive discharge.

42. Defendants, their agents' and employees' retaliatory conduct created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused her acute emotional distress.

43. The aforementioned acts and conduct by Defendants, their agents and employees were intentional, willful, wanton, malicious, and outrageous.

44. TJ is an officer, director or managing agent of NDOC who expressly authorized, directed and

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

ratified the conduct against WILSON.

45. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

**FIRST CLAIM FOR RELIEF**

**(Discrimination and Retaliation under 42 U.S.C. § 2000e)**

46. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

47. The above discriminatory and retaliatory pattern and practice by defendant, its agents and employees violates *Title VII of the 1964 Civil Rights Act*, 42 U.S.C. § 2000e.

48. Plaintiff engaged in a protected activity, suffered an adverse employment action and there was a causal link between her activity and the employment decision.

49. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

50. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

**SECOND CLAIM FOR RELIEF**

**(Discrimination and Retaliation under NRS 613.330)**

51. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

52. The actions of Defendants, its agents and employees, violated the Nevada Revised Statutes 613.330.

53. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation, all to Plaintiff's damage in an amount to be determined.

54. The acts theretofore complained of were intentionally done by Defendants and were done

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 10, LAS VEGAS, NEVADA 89102

with malice and oppression, and, as a result, Plaintiff requests an award of punitive damages in an amount in excess in an amount to be determined.

55. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

**THIRD CLAIM FOR RELIEF**

**(Negligent Infliction of Emotional Distress)**

56. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

57. The actions of Defendants, their agents and employees constitute negligent infliction of emotional distress upon Plaintiff.

58. Defendants owed a duty of care to WILSON. Defendants breached that duty by retaliating and terminating WILSON via constructive discharge.

59. As a direct and proximate result of said acts or negligence, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress)**

60. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

61. The tort of intentional infliction of emotional distress is recognizable in the employment termination context. *Shoen v. Amerco, Inc.*, 111 Nev. 735, 747, 896 P.2d 469, 476 (1995).

62. The actions of Defendants, their agents and employees constitute intentional infliction of emotional distress upon Plaintiff.

63. Defendants engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.

64. Plaintiff suffered severe or extreme emotional distress that was actually or proximately caused by Defendants' actions.

65. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

**FIFTH CLAIM FOR RELIEF**

**(Negligent Hiring, Retention or Supervision)**

66. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

67. Defendant NDOC had a duty to properly supervise its employees, including TJ.

68. The managers and executives of Defendants had the duty of assuring proper conduct by the employees under their direction and supervision.

69. Defendant breached their duty to supervise when they failed to take corrective action, impose and regulate standards for retaliatory activity at NDOC.

70. As a direct and proximate result of Defendants' negligent supervision, Plaintiff has suffered, and will continue to suffer, emotional distress and psychological trauma impairing her daily life.

…

WHEREFORE, Plaintiff is entitled to judgment in her favor and against Defendants, jointly and severally, as follows:

1. For an award of past and future damages, including damages for past and future lost wages and benefits, anxiety, emotional distress, and suffering;
2. For all costs and attorneys' fees;
3. For interest thereon at the legal rate until paid in full;
4. For punitive and compensatory damages in an amount to be determined by the finder of fact; and
5. For such other and further relief as the Court may deem just and proper.

Dated March 27, 2026.

RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
*Attorney for Plaintiff*

Ryan Alexander, Chtd.
3017 West Charleston Boulevard Suite 10, Las Vegas, Nevada 89102